## DAYTON *vs.* DEAN.

The plaintiff proposed to labor for the defendant, for three months, at one dollar per day, payable quarterly. The defendant acceded to the proposal, and added, that the plaintiff could have his pay every night. Having entered the service of the defendant, the plaintiff left the same, before the end of said three months, without any sufficient cause, and against the will of the latter. Held, that full performance of said three months' labor, before any payment could be claimed by the plaintiff, had been waived; and that, in an action of debt on book, he was entitled to recover for the services he had rendered.

THIS was an action of debt on book, brought to the county court for the county of Litchfield.

The cause was referred to an auditor, who, after a hearing, found and reported as follows:

About the 1st of April, 1852, the plaintiff bound himself to labor for the defendant, for the term of three months, at least, from said 1st of April. As to the time and rate of payment for the plaintiff's services, the plaintiff proposed to the defendant, to labor for him, for the period aforesaid, at one dollar per day, payable quarterly. The defendant acceded to the plaintiff's proposition, and, to such assent, added, that the plaintiff could have his pay every night.

The plaintiff then entered into the defendant's service, under said contract, and continued therein, till the 26th day of May, 1852. The plaintiff, on said 26th day of May, left the service of the defendant, without any sufficient cause, and against the will of the defendant.

If the court should be of opinion, that, under the facts above stated the plaintiff was entitled to recover, the auditor found a balance of $44.21, due from the defendant to the plaintiff; otherwise, he found that nothing was so due.

The county court having rendered judgment in favor of the plaintiff, the defendant filed a motion in error, and removed the cause to the superior court.

At the term of the superior court, holden at Litchfield, in November, 1853, the judgment of the county court was affirmed. The defendant thereupon filed a motion in error, and brought the cause to this court.

*Buel* and *Hickox*, in support of the motion.

*Johnson* and *Woodruff*, contra.

HINMAN, J. The report of the auditor leaves little doubt, as to what was the real agreement between the parties. The plaintiff proposed to labor for the defendant, for the period of three months, at one dollar per day, payable quarterly. The defendant acceded to the proposition, and added, that the plaintiff could have his pay every night. The plaintiff's proposition made his labor a condition prece-

Dayton *v.* Dean.

dent to his right to claim any compensation, while the defendant's acceptance of it was so qualified as to compel him to pay from day to day, as fast as the wages were earned, and demanded. Full performance of the three months' labor, before any payment could be claimed, was a condition in the plaintiff's proposition, which was introduced for the defendant's benefit, and might be waived; and, taking the whole together, we think the parties understood it to have been waived. There is, therefore, no error in the judgment of the county court.

In this opinion the other judges concurred, except WAITE, J., who was absent, and ELLSWORTH, J., who, having heard the case in the court below, was disqualified.

Judgment affirmed.